IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-cr-11

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| | ) | |
| CHARLES HOWARD WASHINGTON | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motions of the defendant for a reduction of sentence based on the retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine triggered by the Fair Sentencing Act of 2010 (Doc. Nos. 36, 37) and the government's response (Doc. No. 39).

The defendant pled guilty to possessing cocaine base and cocaine with intent to distribute (Count One) and possessing a firearm in furtherance of that offense (Count Two). (Doc. No. 18: Judgment at 1). At sentencing, the Court determined that the amount of crack cocaine involved was 600 g of cocaine base and 1 kg of cocaine powder for a conversion equivalent of 12,200 kg of marijuana. (Doc. No. 19: Statement of Reasons (SOR) at 1; Presentence Report (PSR) at ¶ 14). The resulting offense level of 36 was reduced by 3 for acceptance of responsibility (PSR at ¶ 21). Combined with a criminal history category of I, the resulting advisory guideline range was 135-165 months plus 60 consecutive months. (Doc. No. 19: SOR at 1). The government moved for a downward departure pursuant to USSG §5K1.1 and 18 U.S.C. § 3553(e). (Doc. Nos. 16, 17: Motions). After granting the motion, the Court sentenced the defendant to 51 months' imprisonment on Count One, which was 38% of the low end of the range, plus 60 consecutive months on Count Two, for a total of 111 months. (Doc. No. 345: Judgment at 2).

The defendant moved to reduce his sentence based on 2007 retroactive amendments to the guidelines relating to crack cocaine offenses. (Doc. No. 27). The Court granted the motion and reduced the defendant's sentence by a comparable percentage from the low end of the amended guideline range of 120-135 months, arriving at 46 months on Count One. (Doc. No. 34: Order).

The defendant now moves for a further reduction under the 2011 guidelines amendments. (Doc. Nos. 36, 37). In determining whether the defendant is entitled to such a reduction, the Court must calculate the guideline range as if the amendments had been in place at the time of sentencing prior to considerations of departure. USSG §1B1.10(b)(1); United States v. Lindsey, 556 F.3d 238, 244-45 (4th Cir. 2009). If a statutory mandatory minimum exceeds the guideline range, the Court must use the statutorily required sentence as the starting point prior to considerations of departure. USSG §5G1.1(b); United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999). No reduction in sentence is authorized under 18 U.S.C. § 3582(c)(2) when an amendment has no effect because a statutory mandatory minimum prevents lowering the guideline range. USSG §1B1.10, comment. (n.1(A)(ii)); United States v. Hood, 556 F.3d 226, 233 (4th Cir. 2009).

Here, the amended guidelines provide for a two-level reduction in offense level, but the resulting guideline range remains trumped by the 120-month mandatory minimum sentence prior to considerations of departure. Accordingly, the defendant's guideline range has not been altered by the 2011 amendments; therefore, he is not entitled to a sentence reduction.[1] USSG §1B1.10(a)(2)(B).

---

[1] Even if the Court found that the guideline range had been lowered from 120-135 months to 120 months, the application of a comparable reduction from the bottom of the range for substantial assistance, USSG §1B1.10(b)(2)(B), would result in the same sentence of 46 months.

**IT IS, THEREFORE, ORDERED** that the defendant's motions (Doc. Nos. 36, 37) are **DENIED**.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: May 3, 2012

Robert J. Conrad, Jr.
Chief United States District Judge